FREUND *v*. FREUND.

DIVORCE—ALIMONY.

> From property of defendant worth upwards of $9,000, it was not
> an excessive award to decree the payment of $3,500 alimony
> and $25 monthly for the support of the two children of the
> age of 6 and 7 years respectively, although complainant had
> no property when she married defendant, and his property had
> not materially increased thereafter.

Appeal from Berrien; Des Voignes, J. Submitted January 22, 1913. (Docket No. 47.) Decided March 20, 1913.

Bill by Emma S. Freund against John Freund for divorce. From a decree for complainant, defendant appeals. Affirmed.

*Gore & Harvey*, for complainant.

*O'Hara & O'Hara*, for defendant.

BIRD, J. The complainant filed her bill of complaint against the defendant to obtain a decree of divorce from him upon the ground of extreme cruelty. The defendant denied the allegations of cruelty, but made no defense to them. The contest centered around the question of alimony. The chancellor granted complainant a decree of divorce, gave her the custody of the children, and awarded her the sum of $3,500 as permanent alimony, and the further sum of $25 per month to be paid for the support of the children. The defendant appeals from this part of the decree, claiming that the allowance is too large, and out of proportion to the means which he actually possesses.

The record shows that defendant is engaged in a growing and prosperous wholesale and retail meat business in

the city of St. Joseph, and that he is the owner of real and personal property. The complainant's proofs show that a fair value of his property is $12,000 over and above the good will of the business. The testimony offered on behalf of defendant shows that he is not worth in excess of $7,000. The chancellor, after hearing the witnesses on the question of value, inspected the properties himself, and came to the conclusion that defendant's net worth was $9,000. We have examined all of the testimony in the record bearing upon these estimates, and we are of the opinion that the chancellor did the defendant no injustice in the conclusion which he reached on the question of value. If any error as to value was made, it was in fixing it too low, rather than too high. The good will of the business was not taken into account, and the record shows that it is a valuable asset. Had this been the only asset defendant possessed, it would have been given serious consideration in fixing the alimony.

But it is urged with much earnestness that, if the chancellor was right in the conclusion he reached as to value, the sum awarded to complainant is much too large. In support of this contention, it is pointed out that these parties were married only about 10 years, that complainant had no means when she came to him, that the net value of his property has not increased during the years they have lived together, and that she ought not to be permitted to go away with upwards of a third of his property. It appears that complainant is now 43 years of age, and that, when she married and went into defendant's home, she assisted in caring for some of his children by a previous marriage. As a result of her marriage with defendant, two children were born to them, one of whom is now six years and the other seven years of age. There is no testimony in the record from which we may conclude that complainant has been other than a good wife and discharged her duties as such. She may not have helped to increase defendant's worldly possessions during their married life, but defendant has helped to increase

her burdens by the care and attention she will have to bestow upon the children for several years to come. And then, too, it must not be overlooked that the defendant's cruel treatment of complainant has made possible this division of the property. A six per cent. income on the award would amount to $210. This, added to the $300 awarded to the children, will make an annual income of $510. To live on this annual income will compel complainant and her children to live economically. This sum is probably very much less than it cost defendant to support them before they left his home. Under all the circumstances of the case, we are not disposed to view the award as excessive.

The decree of the lower court will be affirmed. Complainant's application for an allowance to cover counsel fees and printing brief in this court has been considered, and an allowance of $150 will be made therefor, in lieu of all taxable costs.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.